UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN S.,

          Plaintiff,

    v.                                                    **DECISION AND ORDER**

                                              19-CV-1218S

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

_____

      1.      Plaintiff Steven S.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his application for disability insurance benefits under Title II of the Act. (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      2.      Plaintiff protectively filed his application with the Social Security Administration on January 13, 2016.  Plaintiff alleged disability beginning August 17, 2015, due to cognitive deficits due to post-concussive syndrome, attention deficit hyperactivity disorder ("ADHD").  Plaintiff's application was denied, and he thereafter requested a hearing before an administrative law judge ("ALJ").

      3.      On May 22, 2018, ALJ Paul Georger held a hearing at which Plaintiff— represented by counsel—and Vocational Expert Jay Steinbrenner appeared and testified. (R.[2] at 10, 28-73.)  At the time of the hearing, Plaintiff was born on December 10, 1959,

---

      [1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

      [2]Citations to the underlying administrative record are designated as "R."

was at an "advanced age" as of the onset date (R. at 18, 10).  He is a high school graduate (R at 18).  His past relevant work was as a chemical operator and chief chemical operator, jobs at a skilled level (SVP 7) (R. at 17).  Plaintiff worked as a laborer and later a millwright at Occidental Chemical from 1981 until his onset date in 2015 (R. at 223, 230, 239-40, 35; Docket No. 9, Pl. Memo. at 1).  The ALJ found, however, that Plaintiff was able to perform only simple, unskilled work, hence he was unable to perform his past relevant work (R. at 17).

4.     In June 2006, Plaintiff suffered a motorcycle accident with a cognitive decline after head trauma (R. at 15, 17).

5.     The ALJ considered the case *de novo* and, on August 29, 2018, issued a written decision denying Plaintiff's applications for benefits.  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, he filed the current action, challenging the Commissioner's final decision.[3]  (Docket No. 1.)

6.     Plaintiff moved for summary judgment[4] (Docket No. 9) and Defendant Commissioner moved for judgment on the pleadings under Rule 12(c) of the Federal

---

[3]The ALJ's August 29, 2018, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

[4]Plaintiff submitted in support of his Motion for Summary Judgment his Memorandum of Law, Docket No. 9.  Although denominated a Summary Judgment Motion, Plaintiff did not submit a statement of material facts, W.D.N.Y. Loc. Civ. R. 56(a)(1), or an affidavit, id. R. 7(a)(3), supporting the motion.  Under this Court's Local Civil Rules 7 and 56, either omission may constitute grounds for denial of the motion, id. R. 7(a)(3), 56(a)(1).  Defendant, however, has not raised objection to the motion used by Plaintiff or his papers in support of the motion.  Plaintiff's Reply Memorandum refers to his motion as a Motion for Judgment on the Pleadings, Docket No. 19, at cover page.

Usually, claimants file Motions for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), see Garcia v. Califano, 463 F. Supp. 1098, 1100 (N.D. Ill. 1979) (because 42 U.S.C. § 405(g) confines scope of judicial review to evidence within administrative record, motions for summary judgment are procedurally improper vehicles), as Defendant did here, Docket No. 18, and as Plaintiff apparently recast his motion, see Docket No. 19, Pl. Reply Memo. at cover page.  A Rule 12(c) motion does not require either an affidavit, see W.D.N.Y. Loc. Civ. R. 7(a)(3), or a statement of material facts, cf. id.

Rules of Civil Procedure (Docket No. 18).  Plaintiff filed a response on August 10, 2020 (Docket No. 19), at which time this Court took the motions under advisement without oral argument.  For the reasons that follow, Plaintiff's motion is granted, and Defendant's motion is denied.

7.    A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 389, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

8.    "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).    If supported by substantial evidence, the

---

R. 56(a)(1).  Rather than deny Plaintiff's Motion for Summary Judgment on these technical grounds, this Court will deem Plaintiff's Motion to be one seeking Judgment on the Pleadings, see also Garcia, supra, 463 F. Supp. at 1100-01; Robinson v. Heckler, 593 F. Supp. 737, 740 (D.D.C. 1984).

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

9.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 404.1520. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

10.     The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.     Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Yuckert, supra, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

12.     The ALJ analyzed Plaintiff's claim for benefits under the process set forth above.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 17, 2015, the onset date.  (R. at 10.)  At step two, the ALJ found that Plaintiff has the following severe impairment:  cognitive deficits due to post-concussive syndrome and ADHD.  Id. at 13.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id. at 13-14.

13.     Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of work for all exertional levels but with following nonexertional limitations:  he can perform simple, repetitive, and routine tasks, can make simple work-related decisions, and can have occasional interaction with supervisors, coworkers, and the public.  (R. at 14.)

14.     At step four, the ALJ found Plaintiff was unable to perform any past relevant work.  (R. at 17.)  At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (R. at 18.)  With the nonexertional limitations, the ALJ posed hypotheticals to the vocational expert.  For a claimant like Plaintiff in age, education, functional capacity, and work experience, the vocational expert opined the claimant could work in such occupations as warehouse worker, packaging machine operator, and hand packager (R. at 18)  Accordingly, the ALJ found that Plaintiff is not disabled.  (R. at 19.)

15.     Plaintiff raises several objections to the ALJ's decision.  He objects to the ALJ not giving credence to his testimony and the testimony of his daughter, Jennifer (Docket No. 9, Pl. Memo. at 14-16).  Plaintiff argues that the ALJ improperly disregarded opinions from his treating doctors who concluded that he was unable to return to work (id. at 17-19).  He faults the ALJ for improperly assigning substantial weight to a stale medical opinion of Michael Santa Maria, Ph.D. (id. at 19-20; cf. R. at 15, 17, 476-82).

16.     Plaintiff then contends that the RFC was not supported by substantial evidence, since it did not account for many of Plaintiff's limitations or limitations in combination (id. at 20-24).

17.     He also argues that there was no substantial evidence to support the ALJ's finding that jobs exist in significant numbers in the national economy that Plaintiff could perform, because the ALJ posed an incomplete hypothetical to the vocational expert (id. at 24-26; R. at 18, 69-72).

18.     Plaintiff argues that ALJ erred in concluding at Step Three that Plaintiff did not have an impairment or combination of impairments that met or equaled Listing 12.02(A)(B) or (A)(C) (Docket No. 9, Pl. Memo. at 26-29, 29-30).

19.     Finally, Plaintiff seeks remand of this case for calculation of benefits (id. at 14, 30-31).

20.     For the reasons that follow, this Court agrees with Plaintiff's argument that his credibility was not properly considered as ground for remand for further proceedings.

21.     Plaintiff had a motorcycle accident on June 4, 2006, suffering head injury (R. at 476).

22.     This Court first considers how the ALJ weighed Plaintiff and his daughter's testimony.  Plaintiff testified that he was unable to work at Occidental Chemical due to memory deficits (R. at 39).  Plaintiff noted that he was employed at Occidental from 1981 until becoming disabled in 2015 (R. at 35-39, 239-40; see Docket No. 9, Pl. Memo. at 1).  Plaintiff testified that he could not remember after the accident and his memory worsened over time (R. at 39-40, 45, 46-49, 59, 60; see Docket No. 9, Pl. Memo. at 10-11).  Plaintiff was the former president of St. George Orthodox Church but had to cease this office because he could not remember parishioners (Docket No. 9, Pl. Memo. at 10-11).

23.     Plaintiff's daughter Jennifer testified on May 22, 2018, that she moved in with Plaintiff in late 2014 or early 2015 shortly after he ceased working.  She saw that Plaintiff had a reducing ability to perform trivial tasks (such as sorting his mail), Jennifer had to intervene in his affairs, such as establishing a cleaning schedule that Plaintiff did not follow.  She complained that Plaintiff hoarded and had difficulties keeping track of personal papers.  She stated that stopped his role as a greeter at his church due to

memory lapses.  She observed his frustration in calls discussing his personal affairs (R. at 62-67.)

24.     Jennifer also wrote to the ALJ on January 18, 2018, listing the tasks Plaintiff could not perform and the tasks she had to assist Plaintiff with, such as maintaining a regular schedule for housekeeping, controlling his hoarding tendencies by disposing of unused items, losing important papers, not remembering to take his medication, and not making timely payments and forgetting online usernames and passwords (R. at 335).

25.     The ALJ gave partial credence to Plaintiff, finding his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence (R. at 15).  The ALJ only gave some weight to his daughter's testimony, discounting it where it was inconsistent with her written statement as to the extent, she assisted Plaintiff on activities (R. at 17).

26.     Plaintiff argues that the ALJ failed to consider his long and significant work history to weigh favorably his credibility (Docket No. 9, Pl. Memo. at 14; Docket No. 19, Pl. Reply Memo. at 2), see 20 C.F.R. § 404.1529(c); Schaal v. Apfel, 134 F.3d 496, 502 (2d Cir. 1998); Bradley v. Colvin, 110 F. Supp.3d 429, 447 (E.D.N.Y. 2015); Loree v. Colvin, No. 2:15CV251, 2016 WL 5107028, at *6 (D. Vt. Sept. 20, 2016).  Conceding that the work history is a factor for the ALJ to consider in weighing the claimant's credibility, Defendant argues that the ALJ "is not required to discuss every piece of evidence submitted," and "failure to cite specific evidence does not indicate that such evidence was not considered," Brault v. Social Sec. Admin. Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (quotation omitted ) (Docket No. 18, Def. Memo. at 15).  Defendant counters that Plaintiff's reliance on Schaal is misplaced, since the Second Circuit there recognized that the

claimant's work history was just one of several factors the ALJ must consider, 134 F.3d at 502 (id.).

27.    In Schaal, the claimant there objected to the ALJ pointing to her poor work history in not crediting her testimony, id.  The Second Circuit held that the ALJ is not limited to considering favorable work history in weighing the claimant's credibility, concluding (as Defendant observes here, Docket No. 18, Def. Memo. at 15) that "in any event, it bears emphasizing that work history is just one of many factors that the ALJ is instructed to consider in weighing the credibility of claimant testimony," id.  The court stated that "ALJs are specifically instructed that credibility determinations should take account of 'prior work record,'" id. citing SSR 96-7p, 61 Fed. Reg. 34,483, at 34,486 (1996)).

28.    As held in Bradley, supra, 110 F. Supp.3d at 447, however, the ALJ errs in failing to evaluate Plaintiff's long (34 years) work history in making a credibility assessment, id. (nearly 30-year work history).  "'A plaintiff with a good work history is entitled to substantial credibility when claiming inability to work.'"  Id., quoting Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983).  Steven S. here is entitled to substantial credibility based upon the over three decades of working at Occidental.  He had to claim disability after efforts by Occidental to accommodate his memory deficits.

29.    Thus, the ALJ erred in not considering Plaintiff's long work history in considering his credibility.  Plaintiff's Motion for Judgment (Docket No. 9) is granted.

30.    As for his daughter's testimony, Plaintiff argues that the ALJ fails to identify the inconsistency between her written statement (R. at 335) and her testimony (R. at 62-67; Docket No. 9, Pl. Memo. at 12-13, 15).  Jennifer moved in with Plaintiff in late 2014

just before he stopped working.  She observed his ability to perform tasks, saw his abilities diminish, and she had to intervene in aspects of his life to keep his affairs afloat (Docket No. 9, Pl. Memo. at 12).

31.    The ALJ found inconsistencies between Jennifer's written report and her testimony, but review of the evidence and her testimony does not reveal any discrepancy. On remand for consideration of Plaintiff's testimony, the ALJ should also reconsider credibility of Jennifer's testimony.

32.    Plaintiff raises other objections to the ALJ's decision, including weighing treating sources' opinion, whether his limitations met or equaled relevant Listings, and the limitations recognized in the RFC.

33.    On remand each of these issues are open to the ALJ to reconsider.

34.    Finally, Plaintiff seeks a remand merely to calculate benefits, because he argues that the evidence demonstrates his disability (Docket No. 9, Pl. Memo. at 30), see Newton v. Heckler, 568 F. Supp. 1044, 1047 (W.D.N.Y. 1983) (Telesca, J.).  Where the record "provides 'persuasive proof of disability', a remand for further evidentiary proceedings would serve no useful purpose," id.; see Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980); 42 U.S.C. § 405(g).  Given the number of issues that require consideration on remand, this remand is for further administrative proceedings and not for calculation of benefits.  Plaintiff's disability still needs to be determined before benefits can be calculated.  Therefore, remand ordered herein is for further proceedings to determine Plaintiff's disability.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Summary Judgment (now deemed a Motion for Judgment of the Pleadings) (Docket No. 9) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 18) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:        August 12, 2021
              Buffalo, New York


                                         s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

11